[No. 3701.  Decided March 1, 1901.]

MINNIE MERCIER, *Respondent*, v. TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, *Appellant.*

PLEADING AND PROOF — VARIANCE — MATERIALITY.

Where the complaint in an action upon an accident policy to recover for the death of the insured alleged that he fell and bruised his left side, directly over the heart, and died as a direct result of such injury, and a bill of particulars filed in connection with such complaint alleged that the death of the insured was caused by the injuries to his side, and the character of the injuries causing his death were described as being a bruise and injury upon the side directly over the heart, causing a malignant growth of spleen and fatty degeneration of the heart, the ultimate fact alleged is that the death was caused by the injury to his side, and the pleader's conclusion that the injury produced malignant growth of spleen and fatty degeneration of the heart, while the evidence showed that the injury produced inflammation of the pericardium instead, would constitute but an immaterial variance, which could not have misled the defendant to its prejudice.

VERDICT — INCONSISTENCY BETWEEN GENERAL AND SPECIAL.

Where a complaint, in addition to containing sufficient facts to state a cause of action, includes in its allegations immaterial statements, which amount to nothing more than the pleader's conclusion from the facts stated, a special verdict finding against him on such immaterial allegations cannot be held as inconsistent with a general verdict in his favor.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Graves & Graves,* for appellant.

*John H. Roche,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action brought by the respondent, the wife of one Arthur Mercier, on an accident insurance policy. The part of the complaint material for the purposes of this opinion is as follows:

"That the said Arthur Mercier accidentally fell and injured his left hand, between the fingers thereof, and injured and bruised his left side, directly over the heart, from which injuries he never recovered, and died on the 29th day of January, 1899, from the direct result of said injuries, independent of all other causes, and that the receiving of said injuries was wholly and entirely accidental on the part of the said Arthur Mercier, deceased."

The material part of the answer was as follows:

"That the death of said Arthur Mercier was not occasioned by accident or accidental means, or by any other means within the terms of the contract of insurance set forth in said amended complaint, and in this answer as 'Exhibit B,' but that his death was occasioned solely and entirely by disease, and such diseased condition of his body was not occasioned by any accident received by him within the terms of said contract of insurance."

Before the trial, the defendant demanded of plaintiff a bill of particulars in answer to the following questions:

"1. State fully and definitely in what manner and through what agencies the said Arthur Mercier referred to in the complaint fell and received the injuries referred to in paragraph four of said complaint.

2. State fully and definitely whether the death of the said Arthur Mercier was occasioned by the injury to his hand or by the injury to his side; both of which injuries are referred to in paragraph four of said complaint.

3. State fully and definitely what the character of injuries were to the hand of the said Arthur Mercier, which are referred to in paragraph four of said complaint.

4. State fully and definitely what the character of the injuries were to the side of said Arthur Mercier, and how they caused his death, which are referred to in paragraph four of said complaint."

Plaintiff answered the bill as follows:

"Answer to Interrogatory No. 1: The said Arthur Mercier accidentally stumbled and fell, and said fall was not caused by any other means or agencies known to plaintiff.

Ans. to Int. No. 2: The death of the said Arthur Mercier was caused by the injuries to his side, the injury to his hand slightly, if any, contributing thereto.

Ans. to Int. No. 3: A deep cut between the third and fourth fingers of the left hand.

Ans. to Int. No. 4: Bruised and injured upon the side directly over the heart, causing a malignant growth of spleen and fatty degeneration of the heart."

The following special interrogatories were propounded to the jury and answered as follows:

"1. Did Arthur Mercier die from the diseased condition of the heart? Answer: Yes.

2. Did the diseased condition of his liver contribute to causing his death? Ans. No.

3. Was the diseased condition of his liver caused by any accidental injury received by him? Ans. No.

4. Was Arthur Mercier at the time of his death afflicted with malignant growth of the spleen or fatty degeneration of the heart? Ans. No."

There was a general verdict for the plaintiff. Dr. Byrne, who was the physician attending upon the deceased at the time of his death and who made a post-mortem examination, testified that there was no malignant growth of the spleen or fatty degeneration of the heart; upon which the defendant made a motion to strike the testimony of the witness, for the reason that it did not correspond with the allegations of the complaint. The motion was overruled. Upon the conclusion of the trial, the objection was raised by the appellant that the special findings of the jury were at variance with the general verdict and at variance with the allegations of the complaint. This contention was not sustained by the court. Judgment was rendered, and an appeal is brought here, alleging the action of the court in that respect as error.

It is insisted by the appellant that, when the general verdict and special findings conflict, the special findings must control; that the bill of particulars was descriptive and must be proven as alleged; that by reason of the allegation in the bill of particulars that the deceased was at the time of his death afflicted with malignant growth of the spleen or fatty degeneration of the heart, the defense was misled as to the character of defense which it should interpose, or of the charges which it should meet; that, under the rule laid down in Greenleaf on Evidence (14th ed.), § 58, the allegations in the bill of particulars here are of essential description and must be proved with strictness. Many cases are cited in support of appellant's contention in this regard, the first of which is *Wabash Western Ry. Co. v. Friedman,* 146 Ill. 583 (30 N. E. 353), where, in an action for personal injuries, the declaration alleges that the plaintiff was a passenger on defendant's train between certain sta-

tions, and the proof showed that the plaintiff was a passenger between two other stations, the termini alleged being the intermediate stations, between which the accident happened. The variance between the declaration and the proof was held fatal to recovery. In that case it was averred that on a certain date the plaintiff became and was a passenger on a certain train of the defendant, and was on the said railroad to be carried, and was accordingly being carried, on the said train from Kirksville to Glenwood Junction; and the further fact was set forth that between Kirksville and Glenwood Junction, through the negligence of the defendant, the accident happened which resulted in plaintiff's injury. The proof showed that the plaintiff took the car and became a passenger on such at Moberly, some distance south of Kirksville, and that his destination was Ottumwa, several miles north of Glenwood Junction, so that it was between Moberly and Ottumwa that the accident happened.

This case might possibly be distinguished from the case at bar from the fact that the court held that the contract set out in the declaration had not been proven. The contract alleged was carriage from Kirksville to Glenwood Junction, when the actual contract, as shown by the proof, was from Moberly to Ottumwa. Still, the whole case shows conclusively, from the record, that the defense in that case was in no way misled by the variance between the proof and the allegation, and we think the court laid down a rule which is not in consonance with law or reason. Glenwood Junction and Kirksville were both on the line between Ottumwa and Moberly, and, as the greater includes the less, an allegation that the accident happened between Glenwood Junction and Kirksville was notice to the railroad that the accident happened between Moberly and Ottumwa. We are not

inclined to follow the decision in this case. The decision was intended to have been based upon well-known prin-ciples, viz., that a departure from the substance of an issue, which is made by the complaint and the evidence adduced, is fatal and constitutes a variance, and that matters of material description must be proven as al-leged. But these rules are announced, and the principles which they enunciate are applied, in the interest of jus-tice, and not for the purpose of defeating the ends of justice, as we think their application in the case quoted did.

In *Day v. Webb,* 28 Conn. 140, the question related entirely to the sufficiency of the verdict, each party claiming that 'the court could, with suitable changes, work the findings of the jury into form so that a judgment might be rendered in his favor. It was there announced that, if the jury returned a verdict varying materially from the issue, either omitting to find all the facts em-braced in it, or, disregarding the issue, find other and different facts not in the issue, the verdict would be insufficient and the judgment would be arrested. We do not think there is anything in this case that militates against the judgment in the case at bar.

*Ebsery v. Chicago City Ry. Co.,* 164 Ill. 518 (45 N. E. 1017), is a case for personal injuries, where the plaintiff alleged that he was knocked off of defendant's car and that, when said car was stopped and was not moving, the defendants negligently caused the grip car and trailers to be suddenly and violently started and moved onwards, running over the plaintiff and injuring him as alleged. The jury found in a special verdict that, at the time the plaintiff fell, the car was not stopped, but was in motion, and the court held that there was a variance between the allegations and the special verdict

of the jury, and the special finding of the jury in that case was so contradictory to the general verdict that it could not be sustained.  The court very properly says:

"By their general verdict the jury found that the defendant was guilty of suddenly starting into motion a car which was stationary.  But the special finding is that, when the plaintiff fell, the grip car was in motion. The finding that the car was in motion when plaintiff fell is inconsistent with the verdict that defendant was guilty of starting a car which was stationary."

It can readily be seen that in that case the verdicts were inconsistent, because the alleged negligence was the action of the company in suddenly and violently start-ing the car while the plaintiff was on the road.

And so, without specially reviewing them, are all the other cases cited by the appellant.  But it is well established that all reasonable presumptions will be entertained in favor of the general verdict, while nothing will be presumed in aid of the special findings of fact, and that the verdict will be maintained, unless the special findings are so absolutely inconsistent with it that they cannot both stand together.  It is also well established that, if findings are susceptible of a double construction, that construction will be adopted which supports the general verdict.  The author of Enc. Pl. & Pr. (vol. 3, at p. 541), after reviewing this subject and citing many cases, says:

"The numerous cases on this subject all tend to establish the doctrine that where the bill of particulars has not misled the opposite party he cannot take advantage of it to exclude the offered proof."

"Where findings are susceptible of two interpretations, the court will, if possible, adopt the one which will harmonize with and sustain the general verdict."  *MacElree v. Wolfersberger,* 59 Kan. 105 (52 Pac. 69).

Where the general verdict of a jury and their special findings of fact can be harmonized and made to agree by taking into consideration the entire record of the cause, and construing the same liberally for that purpose, it is the duty of the court to so harmonize them. *Bevens v. Smith,* 42 Kan. 250 (21 Pac. 1064).

In the case at bar the appellant contends that, inasmuch as the bill of particulars alleges that the hurt which the respondent received by the accident developed, before he died, into a malignant growth of the spleen and fatty degeneration of the heart, it was misled as to the proper grounds of defense. It is said that, under such allegation, it would have no fear in going to trial, because the complaint itself exculpated the defendant, for the reason that it is a well-known fact that fatty degeneration could not result from a bruise to the side, and a scientific disquisition on that subject is indulged in. There not having been any evidence on that subject, the court does not feel competent to decide that question; but, if it be true that the complaint upon its face informed the defendant that under its terms he could not be made responsible for the death of the deceased, then it would have been proper practice to have demurred to the complaint. The original complaint in question alleges sufficient to justify the general or special verdict, and the special allegation in answer to the second interrogatory is just as definite. The allegation is that "the death of the said Arthur Mercier was caused by the injury to his left side, the injury to his hand slightly, if any, contributing thereto." This is the material allegation. The further answer to interrogatory 4, to the effect that the bruising and injuring upon the left side caused a malignant growth of the spleen and fatty degeneration of the heart, was simply a conclusion on the

part of the plaintiff in undertaking to trace the processes which finally culminated in the death. But the allegation that the death was caused by the injuries inflicted is in no way destroyed, or even contradicted, by the particularizing indulged in in answer to interrogatory 4, for the particular manner in which the injuries affected the system is a matter of pure conjecture, certainly with the jury, and very largely upon the part of medical experts. So that this allegation, if a variance at all, is absolutely immaterial, and does not touch the main issue of the case. This is shown by the answer, the principal contention therein, so far as relates to the question under discussion, being that the deceased did not die from the consequences of the accident at all, whether the accident produced fatty degeneration or any other disease or manifestation, but that he died from diseases disconnected with the accident, superinduced by a dissipated life. It is said by the appellant that the jury have found, by their general verdict, that the insured died from one disease, and, by their special findings, that he died from an entirely different one, and that as these two findings are inconsistent, under the authorities the judgment should be reversed. But this is not true in fact, for the jury found in each instance that the cause of his death was the injury to his side produced by the accident, and this was the material fact to be determined in the case. It is provided by our own statutes (Bal. Code, § 4949) that:

"No variance between the allegation in the pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and

thereupon the court may order the pleading to be amended upon such terms as shall be just."

A reading of the whole record in this case is conclusive to our minds that the alleged variance here has not misled the defendant, in any particular, to its prejudice in maintaining its action or defense upon the merits. But, even if we should have doubts upon that question, it is a matter which seems to have been relegated by the statute very largely to the discretion of the court, and it seems from the action of the court in this case that it was not proved to its satisfaction that the defendant had been misled so that any amendments to the pleadings were necessary; and, as we have before indicated, the record does not show that the court abused its discretion in this respect.

In *Missouri Pacific Ry. Co. v. Holley*, 30 Kan. 465 (1 Pac. 130, 554), where a brakeman had brought an action against a railroad company for damages incurred in coupling a car, and contributory negligence was one of the issues in the case, in answer to a special finding (No. 74), which was, "Did he know at said time that a brakeman was not expected or required, under any circumstances, to go in between two cars having Miller couplings as they were coming together for the purpose of being coupled?" the jury answered, "Yes." It would seem that this finding would be inconsistent with the general verdict in favor of the plaintiff, where the issue was contributory negligence. There the court, through Justice BREWER, in speaking of the inconsistency of some of these special findings, said:

"And yet such explanation is not satisfactory as to some of the answers, as for instance that to question No. 74 [the question to which we have just referred]. Now, under these circumstances, what is the duty of this court?

The trial court has sustained the general verdict, thereby affirming that the answers are not in its judgment inconsistent therewith.    It heard the testimony, . . . and understood better than we can the import of the questions and answers.   From the whole scope of the trial, it knew, as we cannot, how the jury understood the questions, and the full intent and meaning of their answers. It will be borne in mind that the answers are not directly contradictory; that is, there is no direct affirmation in one answer, with as direct a negation in another.   They are inconsistent and contradictory, only in the sense that their tendency and import seem to be in opposite directions.   We all know how the same language often conveys different meanings to different minds, and how the intended meaning is determined by the peculiar facts upon which the language is based or to which it refers.   With these general observations, we remark that we ought to sustain the verdict if it can be fairly done, and ought not to strain a point to harmonize the various answers for the sake of making them as a whole inconsistent with the verdict."

To the same effect are *Partonier v. Pretz,* 24 Kan. 238; *Redelsheimer v. Miller,* 107 Ind. 485 (8 N. E. 447).

In *Indianapolis & V. R. R. Co. v. Lewis,* 119 Ind. 218 (21 N. E. 660), it was said:

"On a motion for a judgment on the answers to interrogatories, notwithstanding the general verdict, every reasonable presumption will be indulged in favor of the general verdict, and if, by any reasonable hypothesis, the answers can be reconciled with the general verdict, the latter must stand.    They override the general verdict only when both cannot stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause."

In *Omaha Life Ass'n v. Kettenbach,* 55 Neb. 330 (75 N. W. 827), it was decided that, to entitle a party

to a judgment on the special findings of a jury, where the general verdict was against him, such findings must establish all the ultimate facts, to which his right to a judgment results, as a necessary legal conclusion. It cannot be said in this case that the special findings of the jury, taking into consideration the fact that they found that the death of Mercier was caused by the injury to his side, caused by the accident which befell him, notwithstanding the fact that they found that he did not have fatty degeneration of the heart, establishes the ultimate fact that the accident was not the cause of Mercier's death. For it was that fact which was the material question under investigation in the case. Nor can it be said that the antagonism between the special and general verdicts in this case is so great that it renders impossible the admission of legitimate evidence as to the cause of the deceased's death, under the issues in the case. It was decided by this court in *Allend v. Spokane Falls & Northern Ry. Co.,* 21 Wash. 324 (58 Pac. 244), that in an action by an employee for injuries received by an explosion of giant powder on a construction train, caused by sparks from the engine, the fact that plaintiff alleges in his complaint that, "if defendant had exercised ordinary care in and about the construction and use of said engine, said sparks would not have been emitted and the explosion would not have occurred," did not limit the plaintiff to proof of defective construction and careless management of the engine, as the proximate cause of the explosion, as such allegation is merely the pleader's conclusion, drawn from the facts stated, and hence an immaterial statement, there being other sufficient allegations in the complaint charging negligence in placing the powder on the train, exposed to flying sparks, and failing to warn plaintiff

thereof. The case at bar seems to us to fall squarely under the law announced in this case.

The judgment is affirmed.

REAVIS, C. J., and ANDERS and FULLERTON, JJ., concur.