[No. 7538. Decided November 2, 1908.]

SOUTH TACOMA FUEL & TRANSFER COMPANY, *Respondent,*
v. TACOMA RAILWAY & POWER COMPANY, *Appellant.*[1]

STREET RAILWAYS—COLLISION WITH TEAM—PLEADING AND PROOF—
VARIANCE—MATERIALITY.   In an action for damages to plaintiff's
team, there is no material variance between a complaint alleging
that the team was "struck, knocked down and run over by defend-
ant's cars," and proof that five or ten minutes after the team was
knocked down by one street car, and while one horse was still down,
it was struck by another car; as the second collision happened so
soon after the other as to be part of the same transaction, and as
the remedy of the defendant was by motion against the comprehen-
sive language of the complaint, a variance being immaterial unless
a party is misled to his prejudice.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered June 11, 1908, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
damages from a collision.   Affirmed.

*Blattner & Chester* and *L. A. da Ponte,* for appellant.

*Ira A. Town* and *Bates, Peer & Peterson,* for respondent.

DUNBAR, J.—This is a suit to recover damages for injuries
to respondent's two horses, sustained in a collision with appel-
lant's cars, in the city of Tacoma, January 2, 1908.   Re-
spondent's team was engaged in grading Delin street, and in
the performance of work it was necessary to pass back and
forth over appellant's tracks.   Respondent's teamster drove
upon appellant's south track with a team hitched to a drag
scraper loaded with earth, and just as he did so a car on appel-
lant's north track pulled up in front of the team and stopped,
and while in this position a car came down on the south track
and hit the team.   The horses were knocked down by the
impact, and after the car pulled out the teamster succeeded in

[1]Reported in 97 Pac. 970.

getting one of the horses up and rolled the other horse to one side of the track. In a few minutes—the testimony making the time from five to ten—and while the horse was still lying on the track, another of appellant's cars came along on the same track, going in the same direction, and struck the horse again, tearing his harness off and knocking off a portion of the car step.

The testimony in relation to the striking of the horse by the second car was objected to by the attorney for the appellant, which objection was overruled and the testimony admitted. Upon the admission of this testimony, the appellant bases its principal contention of the commission of error by the court, on the ground that there was a variance between the complaint and the proof to such an extent that the appellant was not notified by the pleadings or by the complaint that damages were claimed by reason of the striking of the horses by any other than the first car.

The court held that, while the second collision was not alleged, it happened so soon after the first collision as to be a part of the same transaction. We think it was a part of the same transaction, and further think that it cannot be said that the second collision was not alleged, for the language of the complaint is not exactly as is quoted by the appellant, "confined to one car," but the language is, "was struck and knocked down and run over by defendant's cars;" so that we think that the defendant was notified. Damage was claimed, not as the result of collision with any particular car, but as the result of collision with any or all of the cars which were involved in the accident. And it seems plain that any car which struck the horse before it could be released from the perilous position in which it was placed was involved in the transaction complained of. If the defendant had been in doubt as to what particular car was referred to in the complaint, the language of the complaint being so comprehensive as to embrace more than one car, a motion to make more defi-

nite and certain would have been the appellant's remedy, and it would have been the duty of the court to have compelled the plaintiff to furnish the defendant with the necessary information on this subject. But no such motion was made. The defendant contenting itself simply with an objection to the admission of the testimony. Section 420 of Pierce's Code (Bal. Code, § 4949), provides that:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, and, thereupon, the court may order the pleading to be amended upon such terms as shall be just."

This court, in construing this section of the statute, has uniformly held that it avails the litigant nothing to show a variance between his adversary's pleadings and proof without showing a resulting injury, and it must appear that he was misled to his prejudice in maintaining his action or defense upon the merits; and that, whenever it is alleged that a party has been misled, that fact must be proved to the satisfaction of the court, whose duty it would be to order the pleadings to be amended upon such terms as would be just. *Dudley v. Duval*, 29 Wash. 528, 70 Pac. 68; *Olson v. Snake River Valley R. Co.*, 22 Wash. 139, 60 Pac. 156; *Mercier v. Travelers' Ins. Co.*, 24 Wash. 147, 64 Pac. 158. We think no reversible error was committed by the court in admitting the testimony complained of.

The testimony admitted having been competent testimony, it is frankly admitted by the appellant in its brief that the respondent's evidence with respect to the second collision made out a case of the clearest and most culpable negligence for which no fair-minded person could find the least shadow of excuse. That being true, and the jury having found against the appellant on its contention of contributory negli-

gence, and no error having been committed by the court in any other respect, the judgment will be affirmed.

FULLERTON, RUDKIN, MOUNT, and ROOT, JJ., concur.

HADLEY, C. J., and CROW, J., took no part.