[No. 12432.    Department Two.    September 24, 1915.]

H. M. GILBERT, *Respondent*, v. MORGAN LUMBER COMPANY *et al.*, *Appellants.*[1]

PLEADING—VARIANCE—MATERIALITY. In an action by a trustee for conversion in which he alleged only possession and right of possession, proof of his title and interest, admitted without objection, is not a material variance, where the adverse party was not misled to his prejudice.

ASSIGNMENTS FOR BENEFIT OF CREDITORS—TITLE OF ASSIGNEE. A bill of sale by a failing debtor to a trustee, in the nature of an assignment for the benefit of creditors, passes all the title of the debtor and vests in the assignee paramount title to the property, subject only to prior specific liens thereon.

SAME—RIGHTS OF CREDITOR—WRONGFUL SALE—CONVERSION. Where the title to property of a failing debtor has been vested in a trustee for creditors, a levy and sale under a subsequent judgment against the debtor is a wrongful conversion, and confers no interest or rights by reason of any reversionary interest of the debtor.

SAME—RIGHTS OF CREDITOR—ESTOPPEL—ASSENT TO ASSIGNMENT. Where a creditor assents to a bill of sale conveying all the property of the debtor to a trustee for the benefit of and *pro rata* distribution to creditors, it is estopped from obtaining any lien upon or preference therein under a judgment and levy against the debtor.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered June 1, 1914, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Englehart & Rigg* and *G. G. Lee*, for appellants.

*Davis & Morthland*, for respondent.

[1]Reported in 151 Pac. 785.

FULLERTON, J.—This action was instituted by the respondent, Gilbert, against the appellants, Morgan Lumber Company and J. E. Townsend, for the conversion of certain personal property. The complaint was in the usual form, and the answer a general denial. The evidence tended to show the following facts: On May 11, 1909, and for some time prior thereto, one W. D. Smith was the owner of a vinegar plant, located in part at North Yakima and in part at Zillah, in this state. The plant consisted of a frame building, a hydraulic press, a separator, certain wooden tanks and barrels, and sundry smaller fixtures and tools usually found about such a concern. Smith had on hand, also, at the date named, some 1,500 barrels of vinegar stock, which was in the process of maturing. He was largely indebted and certain of his creditors were threatening him with suit, and otherwise pressing him for payment. It was thought by Smith and the principal creditors that the vinegar stock, if allowed to mature and be then sold on the open market, would realize sufficient to pay the expenses of maturing it and the creditors' claims in full. To that end he obtained the consent of his principal creditors to turn over to the respondent, Gilbert, the title and possession of the entire plant, with the understanding that Gilbert should mature and sell the vinegar stock, sell the plant and its property if necessary, pay himself for any advances he should make in so doing, and pay the creditors of Smith in full if the property should prove sufficient for that purpose, otherwise pay them *pro rata* in accordance with the amounts of their respective claims. Pursuant thereto, on the date above given, Smith conveyed to Gilbert, by bill of sale, all of the property pertaining to the vinegar plant, including therein the 1,500 barrels of unmatured stock, putting Gilbert in possession of the property.

Among the creditors of Smith was the appellant Morgan Lumber Company, from whom Smith had purchased building materials for the use of the plant at Zillah, of the value of $321.27. It was among the creditors asked to consent to

turning over the plant to Gilbert, and gave its assent thereto in writing as follows:

"Toppenish, May 13, 1909.

"I, the undersigned, being one of the Creditors of W. D. Smith, proprietor of Vinegar Factories at North Yakima, and Zillah, Washington, for and in consideration of one dollar ($1.00), lawful money of the United States of America to me in hand paid, the receipt whereof is hereby acknowledged and for other good and valuable considerations do hereby consent that H. M. Gilbert of Toppenish, Washington, shall take the management and full control together with the title to said personal property for the purpose of maturing the product of said vinegar factories and placing same on market and hereby agree and consent that the said H. M. Gilbert may sell the product of said vinegar factories and after paying the expenses of maintenance of same and of placing same on the market to pay off all creditors of the said W. D. Smith in installments or by dividends, which said installments or dividends shall be apportioned in the same ratio as the sum or sums of money to be so distributed bears to the whole indebtedness of said W. D. Smith.

"Morgan Lumber Co. of Toppenish,
"By J. E. Townsend, Treas."

Subsequent to taking possession of the property, Gilbert paid upon the appellant's account the sum of $100. He also paid installments upon the claims of other creditors, and advanced money to put the plant in shape to mature the vinegar stock on hand; the whole totaling, as he testified, some $4,900.

Later on, the appellant sued Smith for the balance due, obtaining judgment against him in the sum of $247.34. On this judgment, it had execution issued, under which the sheriff purported to levy upon and sell to the appellant the property in Gilbert's possession, held by him under the bill of sale from Smith, for the amount due on the judgment, with the accrued costs. Gilbert sought to prevent the appellant from removing the property, but was overcome by "force and arms," and a large part of the property was taken away by the appellant. Gilbert thereupon demanded a return of the property so taken, and on its return being refused, he brought

the present action to recover the value thereof. The cause was tried by the court sitting without a jury. The court found an unlawful conversion of certain specific articles of the assigned property, found the value of the property so converted to be $2,485, and entered a judgment in favor of Gilbert for that sum. The present appeal is prosecuted from the judgment so entered.

The appellants' contentions can well be stated in the language of its learned counsel. They say:

"(a)　Respondent sued as an individual alleging his possession and right to possession only, and did not set out any special interest in his complaint. He did not sue as a trustee, assignee or agent, which he really was according to the evidence. His proof was at variance with his complaint and did not sustain its allegations.

"(b)　The only interest respondent showed in the property in question, by his evidence, was his special interest in the property which was trusteed to him, if anything.

"(c)　Appellant Lumber Company by due process of law sold and acquired the interests of the Smiths in this property, . .. . so that during all the times mentioned in this action it stood in the shoes of Smith and wife as their successors in interest. At the time of the sale the Smiths had at least a reversionary interest in all of the property in question.

"(d)　Respondent, as trustee, only had a right to recover from the appellants the value of his interest as such trustee in the property, if he recovered anything, or had any rights in said property. If $500 would have reimbursed him for his advances and paid the remaining creditors of Smith, that was the only interest respondent had in this property; the rest belonged to Smith and Smith's interest had been sold to the Lumber Company which then owned it. Gilbert wages this suit on the theory that he owned the whole property and could recover for its full value.

"(e)　Gilbert failed to submit any proof of the value of his special interest in the property involved and can recover nothing but nominal damages, if anything, if the court finds there was a conversion by defendants."

But we cannot think these contentions well founded. Turning first to the claim of variance, it is true the respondent did not allege title in himself to the property converted, but contented himself with alleging possession and right of possession, yet evidence of the nature of his title to, and interest in, the property was admitted without objection. Under these circumstances, it is the rule in this state, upheld in a long line of cases, that the allegations become as broad as the proofs, and will permit of a recovery, if in themselves sufficient, even though they may vary from the allegations. In other words, a mere variance between the allegations and proofs on the part of the party having the affirmative will not defeat a recovery; it must appear that the adverse party has been misled thereby to his prejudice in maintaining his action or defense. Rem. & Bal. Code, § 299 (P. C. 81 § 287). *Irby v. Phillips,* 40 Wash. 618, 82 Pac. 931; *South Tacoma Fuel etc. Co. v. Tacoma R. & Power Co.,* 50 Wash. 686, 97 Pac. 970. Since, therefore, the respondent's proofs justified a recovery, it is not to be denied him merely because his pleadings did not state the true nature of his interests.

As to the nature of the respondent's interest in the property, it may be that it was special in the sense that it was subject to a trust, rendering him liable to account to Smith and his creditors for the value thereof, but it was paramount in other respects. The bill of sale with the conditions annexed was in the nature of a general assignment for the benefit of the creditors of the assignor, and the rule is general in such cases that the assignment passes to the assignee all title to the property then vested in the assignor, and vests in the assignee title to the property superior to that of any person save those who have prior thereto acquired some specific lien upon it. Contrary, therefore, to the appellant's contentions, we think it acquired no lien upon or right to the property in virtue of the purported sheriff's sale. Since the

title to the property was not then vested in the execution debtor, but was vested in another for the benefit of third persons, it was not subject to levy and sale as the property of the execution debtor. The appellant's taking was therefore unlawful and wrongful. It acquired no interest in the property by the judgment and sale adverse to the interests of the respondent. There is, in consequence, no room for the application of the rule which would limit him to a recovery of the value of his interests.

Moreover, we think the appellant is estopped because of its assent to the assignment from now levying upon and selling the property in the possession of the respondent, even though it were conceded that such right otherwise would exist. As we said in *McAvoy v. Jennings*, 39 Wash. 109, 81 Pac. 77:

"A creditor, who was a party to the transfer and at whose instance and for whose benefit the transfer was made, cannot be permitted to say that it was fraudulent as to him, or that, because it was fraudulent as to some other creditors, he may take advantage of his own wrong and thereby obtain a preference by attachment or garnishment."

The views taken of the questions discussed renders it unnecessary to notice other questions suggested by the appellant.

The judgment is affirmed.

MORRIS, C. J., ELLIS, and MAIN, JJ., concur.