[No. 34119.   Department Two.   June 27, 1957.]

SAMUEL STEINBERG *et al.*, *Appellants*, v. EVAN RAYMOND *et al.*, *Defendants*, BEAMER CREDIT COMPANY, *Respondent.*[1]

*Jack Steinberg*, for appellants.

*H. A. Martin*, for respondent.

ROSELLINI, J.—The appellants secured a judgment against the defendants Raymond on February 27, 1956, in the amount of $660.26. Prior to that time, on November 16, 1955, the Raymonds had made a common-law assignment for the benefit of their creditors. The assignee sold the assets of the defendants and distributed the proceeds pro rata among the creditors of the defendants, each creditor receiving thirty-nine per cent of his claim. A check for $247.40 was sent to the appellants, as their proportionate share of the proceeds of the assets. They refused to cash.

[1]Reported in 312 P. (2d) 824.

the check and turned it over to the attorney for the defendants after they obtained their judgment.

On July 3, 1956, the appellants obtained a writ of garnishment directed against the assignee, the respondent herein. The assignee answered, setting up the common-law assignment and the distribution of the funds derived from the sale of the assets and denied that it was indebted to the defendants. After answering interrogatories propounded by the appellants, it moved for a summary judgment and filed an affidavit in support of the motion, signed by W. E. Beamer. No answer was made to this affidavit, and upon hearing, the court granted the motion and discharged the garnishee.

The appellants first contend that the court erred in entering a judgment without hearing testimony. They mention no factual issue raised in the case, nor do they deny that the matters set forth in the affidavit are true. Rule of Pleading, Practice and Procedure 19, 34A Wn. (2d) 81, as amended, effective November 1, 1955, provides for the granting of a summary judgment under circumstances such as these; and, since no factual issue was presented, the court did not err in failing to take testimony. See 6 Moore's Federal Practice (2d ed.), Rule 56, pp. 2001-2051.

It is further contended that the court erred in discharging the garnishee, since funds were in its bank account to cover the uncashed check issued to the appellants and an uncashed check issued to another creditor for $18.71.

There is no merit to this contention. The assignment having been made prior to the date the appellants obtained their judgment, the funds were not subject to the lien of that judgment. *First Federal Sav. & Loan Ass'n v. Marsh*, 19 Wn. (2d) 438, 143 P. (2d) 297. A general assignment for the benefit of creditors of the assignor passes to the assignee all title to the property then vested in the assignor, and vests in the assignee title to the property superior to that of any person save those who have, prior thereto, acquired some specific lien upon it. Such property is not subject to execution as the property of the debtor. *First*

504

*Federal Sav. & Loan Ass'n v. Marsh, supra; Gilbert v. Morgan Lbr. Co.,* 87 Wash. 293, 151 Pac. 785.

The appellants make no attempt to attack the validity of the assignment, nor does it appear that there was any irregularity involved. There can be no question but that the garnishee was properly discharged.

The judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and WEAVER, JJ., concur.