[No. 5820. Decided February 19, 1906.]

MARTHA AGNES CREAMER et al., Respondents, v. MORAN BROTHERS COMPANY, Appellant.[1]

MASTER AND SERVANT—NEGLIGENCE—HOT OIL FROM MACHINERY—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE—WHEN QUESTIONS FOR JURY. The defenses of assumed risk and contributory negligence are for the jury where the evidence shows that the plaintiffs' decedent was injured while assisting to remove a propeller from a ship, the hub having become tightly fastened to the shaft, the proximate cause being the negligence of the defendant in failing to inspect the hub and learn of a large amount of hot oil therein, together with the act of the superintendent, who struck the hub with a sledge in such a manner as to release the oil, which fell upon plaintiffs' decedent, who was standing with his back to the shaft and who had no knowledge of the presence of the oil, nor that the superintendent was about to strike the hub.

SAME — VICE PRINCIPALS — SUPERINTENDENT — SETTING DANGEROUS AGENCY IN OPERATION. Where a number of men were engaged in removing the propeller from a ship, the shaft of which was tightly wedged in the hub, the act of the superintendent in striking the hub a blow with a sledge, without waring the men in close proximity thereto, thereby releasing a quantity of hot oil confined in the hub, and precipitating the same upon one of the men, is the act of a vice principal and not of a fellow servant, in that it put in operation an agency fraught with danger, without warning to the men.

DEATH—DAMAGES—EXCESSIVE VERDICT. A verdict in favor of a widow and three minor children for damages for the death of a husband and father in the sum of $13,500 is excessive and should be reduced to $8,000, where it appears that the deceased was 48 years old, earning $3.50 per day, and had once abandoned his family

1Reported in 84 Pac. 592.

for a time, and at the time of the accident had left his home, and his wife did not know of his whereabouts nor learn of the death until eleven days thereafter.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 5, 1905, upon the verdict of a jury rendered in favor of the plaintiffs for $13,500 damages for the wrongful death of an employee. Affirmed, upon condition of remitting $5,500.

*Kerr & McCord,* for appellant.

*Brady & Gay* and *Wooten & Welch (Dudley G. Wooten,* of counsel), for respondents.

Root, J.—Respondents are, respectively, the widow and minor children of John C. Creamer, deceased, and bring this action to recover damages on account of his death, which is alleged to have been occasioned by the negligence of appellant, for whom and in whose shipyards he was working. The case was tried in the superior court before a judge and jury, a verdict of $13,500 returned, and judgment entered thereupon. From this judgment an appeal is taken.

The facts are about as follows: Said Creamer with several other workmen, under the immediate direction of one or two of the foremen or superintendents of the defendant, was assisting to remove the propeller from a certain steamship that was then upon the ways in said shipyard. The hub of the propeller had become so tightly fastened to the shaft that it could be removed only with great difficulty. After applying the usual and ordinary methods to no avail, the foreman directed that a fire be built and kept immediately under the hub in order that the latter might be heated and thereby expanded, while at the same time a stream of cold water was kept running upon the shaft that ran through the hub. Some time after this fire had been heating the hub, oil was seen to be running from the cavity of said hub. The latter was about two feet in diameter and something over thirty inches

in length, and was to a considerable extent hollow. The hollow place or places in the hub had been filled with tallow, and it was by reason of the melting of this tallow that the said oil was caused to run therefrom. The running of said hot oil, after being kept up for some time, appeared to practically cease, and it seemed to be the general opinion of all engaged that it had probably all run out. No inspection, however, appears to have been made by the foreman or superintendent in charge, or by any one, as to how much oil there was in the hub or as to whether or not it had all escaped.

While the fire was still being kept up and the propeller still unyielding, the superintendent or foreman ordered some of the men, including Creamer, to elevate a "ram," which was a heavy piece of iron, about a foot in diameter and two or three feet long, with a long narrow handle projecting several feet beyond this. This ram could be raised by means of block and tackle to a position where it would be on a line with the shafting, and could be swung back and forth and made to strike the end of the shaft so as to produce a jar which it was hoped might have the effect of loosening the propeller from the shaft. While Creamer and four or five other men were pulling on the ropes to raise this ram, and while he was standing, with his back toward the shaft, on a scaffolding which had been built up under the stern of the ship so that the men working about the propeller could reach the same and handle their work thereabout, one of defendant's superintendents took a large sledge and struck the hub of the propeller a blow, which had the effect of loosening the hub from the shafting and causing it to slide down toward the end of the shaft, thereby precipitating from the heated hub a large amount of hot oil, which struck Creamer in the back and ran over his body, producing burns which caused his death some weeks later.

The defendant denies that there was any negligence on its part, and alleges affirmatively the defenses of assumed risk, contributory negligence, and fellow servant. Under numerous decisions of this court, we think that the issue upon each

one of these matters was, under the evidence introduced, one
of fact, and the evidence is such that we cannot review the
jury's action. The negligence of the defendant which consti-
tuted the proximate cause of this unfortunate injury consisted
in its neglect to inspect the hub and learn of the large amount
of hot oil therein contained, together with the act of its su-
perintendent in striking with a sledge this hub in such a man-
ner as to precipitate this hot oil against the person of Creamer
at a time when his attention was absorbed in a different
direction.

As to assumed risk, a workman assumes those dangers
which are open and apparent and of which he knows or of
which, by the exercise of ordinary care and prudence, he
should know, and such as he knows or ought to know to be
naturally and necessarily connected with his work. In this
case the facts and evidence were such that it was for the jury
to say whether or not he knew or ought to have known that
the hub contained more oil than had escaped, and such a
quantity as to be dangerous when the hub should become
loosened, and to say whether or not under the circumstances
he knew, or by the exercise of reasonable care should have
known, that the superintendent was about to strike the hub
in a manner that might loosen the same and precipitate the
hot oil upon him.

As to contributory negligence, it appears from the evidence
in behalf of respondents that Creamer was engaged with the
other men in helping to raise the ram. His back was toward
the shaft and propeller. He had hold of the rope, pulling
with the other men and giving his attention to the work that
he and they were engaged in. The evidence tends to show
that he did not know whether or not there was any more oil
in the hub, or as to whether or not there was a sufficient
amount to endanger his safety, and that he did not know that
the superintendent was to strike the hub at that time. On
account of these things, and of all the established circum-

stances, the question of whether or not he was guilty of contributory negligence became one for the jury.

It is urged by appellant that the act of the superintendent in striking the hub with the sledge at the time and in the manner in which he did, constituted an act of a fellow servant of Creamer; that such an act, although performed by the superintendent, was not one of superintendence, was not one of the non-delegable duties of the master, was not the act of a vice principal; but was the manual act of one working with Creamer in the same undertaking and to accomplish the same end toward which they were all working; that in striking said blow said superintendent was, for the time being, a fellow workman of Creamer, and that his negligence as such would not render the appellant company liable. This argument would appeal strongly to the writer of this opinion were it not for the former decisions of this court. *Nelson v. Willey Steamship etc. Co.,* 26 Wash. 548, 67 Pac. 237; *Dossett v. St. Paul etc. Lumber Co.,* 40 Wash. 276, 82 Pac. 273; *O'Brien v. Page Lumber Co.,* 39 Wash. 537, 82 Pac. 114. Under the authority of those decisions, when the superintendent, without the knowledge of the workman, negligently set in operation an agency fraught with danger, he thereby rendered the company liable for the result of such negligence.

Upon the questions of appellant's negligence and of Creamer's contributory negligence and of assumed risk, there was some conflict of evidence—in fact, a sharp conflict as to some matters bearing upon these questions. But as to every one of these issues, respondents introduced a substantial amount of competent and material evidence, sufficient, if believed, to sustain their contention. It not appearing by the record, as a matter of law, that this evidence was false or unbelievable, and the jury having deemed it credible, and the trial court having denied a motion for a new trial, it is not for us to decide where the preponderance of evidence lies, but we must accept the jury's verdict.

Appellant assigns several errors upon the matter of the

giving of certain instructions and the refusal to give others. While the action of the court in some of these matters may have been technically erroneous, yet we find no substantial error, none which we think could possibly have misled the jury, and none constituting reversible error.

It is urged by the appellant that the verdict herein was excessive. We think this contention must be sustained. Mr. Creamer was forty-eight years old, and earning the sum of $3.50 per day. The record shows that he had once abandoned his wife and family for a time. It also appears that he had again left his home some time prior to the accident, and that his wife did not know of his whereabouts at the time of the accident nor learn of it until eleven days thereafter. In the light of all of the evidence in this case, we think that the judgment of the lower court should be reduced to $8,000.

It is therefore ordered that this case be remanded to the superior court, and that respondents be given thirty days from the time of the filing of the remittitur in the superior court within which to remit all over and above the sum of $8,000, in which amount the judgment will then stand affirmed. If said remission be not made within that time, then the trial court is directed to enter an order granting a new trial. If said remission is made, then no costs shall be allowed to either party upon this appeal. If said remission is not made, appellant shall have costs in this court.

MOUNT, C, J., DUNBAR, HADLEY, RUDKIN, FULLERTON, and CROW, JJ., concur.