[No. 7999. Department One. October 28, 1909.]

## SUDDEN & CHRISTENSON, *Respondent*, v. BERT MORSE, *Appellant*.[1]

TRIAL—INSTRUCTIONS AS A WHOLE. Error cannot be assigned upon the giving of instructions which as a whole fairly presented the case to the jury.

SAME—REQUESTS. It is not error to refuse requested instructions which were covered in the general charge.

TRIAL—VERDICT—SPECIAL INTERROGATORIES—DISCRETION. The refusal to submit special interrogatories to the jury is discretionary and will not be reviewed except for manifest abuse of discretion.

TRIAL—VERDICT—SPECIAL FINDINGS—CONSISTENCY. Where, in an action on contract, the defense relied upon the plaintiff's failure to secure a certain option, and there was a dispute between the parties

[1]Reported in 104 Pac. 645.

as to whether the agreement for obtaining the option was entered
into at San Francisco or was arranged between the parties by letter
and completed subsequently, the finding of the jury, in an answer
to an interrogatory, that the plaintiff did not obtain an option "in
accordance with the agreement made in San Francisco," is not in-
consistent with a general verdict for the plaintiff, but implies that
the option was obtained subsequently; since special findings sus-
ceptible of a construction conforming to the verdict will be so con-
strued.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered October 12, 1908, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action on contract.   Affirmed.

*J. C. Cross* and *W. I. Agnew* (*A. Emerson Cross*, of coun-
sel), for appellant.

*John C. Hogan*, for respondent.

Morris, J.—This was an action upon a dishonored check,
given by appellant to respondent, the defense being the fail-
ure of respondent to obtain an option for the purchase of a
certain steamship, for the use and benefit of the appellant,
the check being given for the purpose of obtaining such
option, and as a first payment thereunder.   It was also con-
tended that, in its negotiations for such option, respondent
acted contrary to its agreement with appellant, and with
intent to defraud him, and a claim for damages resulting
from such fraud was interposed.   A reply denying these
affirmative allegations was filed, and upon these issues a
trial before a jury resulted in a verdict for plaintiff, and
defendant appeals.

The errors suggested are in certain instructions given, in
the failure to give instructions requested by appellant, and
in the admission and rejection of evidence.   It would serve no
good purpose to set these instructions forth in full, as no
points of law are involved in either the exceptions to those
given or in the refusal to give those requested, further than
their correct application to the facts involved.   The court in

its instructions told the jury the findings of fact which would determine their verdict in favor of appellant or respondent, and while it may be that in one or two instances language more apt might have been chosen, yet a careful reading convinces us there was no reversible error; and that the instructions read as a whole correctly stated the law, and fairly presented the case to the jury upon the issues involved. We have so often held this to be sufficient that no citation of authority is necessary.

In so far as the requested instructions correctly stated the law applicable to the facts involved, the same was correctly given to the jury in the instructions given. When a court correctly charges a jury in its own language upon all points properly submitted to the jury, it is not error to refuse instructions prepared by counsel which correctly state the law, but are clothed in language which for any reason counsel may prefer to that chosen by the court. Neither do we find any error in the admission or rejection of testimony which, to our mind, in any wise affected the verdict.

Error is also predicated upon the refusal of the court to submit certain special interrogatories to the jury. This was a matter resting in the discretion of the court, and its ruling in that regard will not be reviewed except for manifest abuse of such discretion, which does not appear in this instance.

It is next urged that the court should have set aside the verdict and granted judgment in favor of appellant, upon the fourth special interrogatory submitted to the jury and the answer thereto, as follows:

"Did Sudden & Christenson obtain an option on the steamer M. F. Plant in accordance with the agreement made in San Francisco? Ans. No."

Appellant contends that, inasmuch as the jury found in this special verdict that respondent did not secure an option, and its right of recovery being dependent upon the obtaining of such an option, the special finding controls, and judgment should be entered in his favor. This special finding must be

read in the light of all the testimony, the issues involved therein, and the evident understanding of the jury in making answer.   It was appellant's contention that the entire agreement between himself and respondent, under which respondent was to obtain the option, was included in negotiations had while appellant was first present at San Francisco; while respondent sought to establish an agreement embodied and embraced in certain telegrams and letters passing between the parties, subsequent to appellant's trip to San Francisco, and after his return to Aberdeen.   The jury having returned their general verdict for respondent, based upon an evident finding that respondent did procure the option, the evident meaning of the jury in their special finding is, not that respondent did not procure the option, which would be inconsistent with the general verdict, but rather, having in mind the various contentions as to the time and place where the negotiations between the parties became embodied in a mutual agreement or understanding, it was evidently intended to mean a finding that the agreement was not made at San Francisco, but, as contended for by respondent, was made after appellant's return to Aberdeen.   Such a reading and meaning is consistent with the general verdict, and where a special verdict is susceptible of a construction which conforms to and supports the general verdict, it will be so construed. *Mercier v. Travelers' Ins. Co.*, 24 Wash. 147, 64 Pac. 158; *McCorkle v. Mallory*, 30 Wash. 632, 71 Pac. 186.

Finding no error, the judgment is affirmed.

RUDKIN, C. J., and GOSE, J., concur.

CHADWICK, J. (concurring)—I believe the special verdict was warranted by the evidence, and if this case rested upon that consideration, would vote for a reversal.   But, aside from all prior negotiations, the evidence shows that the money now sought to be recovered was paid out by respondents at the special instance and request of appellant subsequently made, and to cover which he drew and delivered the check

sued upon. It was a part payment on the vessel, and the question of prior option became immaterial. The advancement was a sufficient consideration, and warrants a recovery. I concur in the result.

FULLERTON, J., concurs with CHADWICK, J.