[No. 10077.   Department One.   September 7, 1912.]

MARY DELASKI *et al.*, *Respondents*, v. NORTHWESTERN
IMPROVEMENT COMPANY *et al.*, *Appellants.*[1]

TRIAL—NONSUIT—CREDIBILITY OF WITNESS—QUESTION FOR JURY.
Where on a former appeal, on substantially the same evidence, the
supreme court upheld the sufficiency of the evidence to sustain a re-
covery, the fact that the testimony of one witness in the second trial
varied on immaterial issues from his former testimony, does not
warrant a nonsuit, where the contradictions merely affected his
credibility and it was for the jury to determine the credit to be
given to his testimony.

MASTER AND SERVANT—INJURIES TO SERVANT—SAFE PLACE—MINES
—EVIDENCE—ADMISSIBILITY.   In an action for the death of a coal
miner poisoned by gases in a room on the 10th level on the west
side of the mine, it is not error to admit evidence that the air
was frequently bad on the 9th level on the east side of the mine,
although that place was not in issue, where there was evidence that
there was a passageway whereby the air could pass from the one
place to the other, and where evidence of frequent bad air through-
out the mine also supported the allegation that the rules of the com-
pany were frequently violated by shooting blasts at the noon hour;
especially where the court cautioned the jury that the general sys-
tem of ventilation was not complained of as defective and that the
only issue was as to insufficient ventilation of the particular room.

DEATH—ACTION FOR WRONGFUL DEATH—EXCESSIVE VERDICT. A ver-
dict for $18,000, in favor of a widow and children, for the death of a
coal miner, from 35 to 37 years of age, in good health and able to
earn about $65 a month, and having a life expectancy of thirty
years, is excessive and should be reversed unless $4,000 is remitted.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered July 24, 1911, upon the verdict
of a jury rendered in favor of the plaintiffs for $18,000, for
the wrongful death of an employee in a coal mine.   Reversed,
unless $4,000 is remitted.

*C. H. Winders*, for appellants.

*William R. Bell*, for respondents.

[1]Reported in 126 Pac. 421.

CROW, J.—This action, which was commenced by the widow and minor children of John Delaski, deceased, to recover damages for his wrongful death, has heretofore been in this court on plaintiffs' appeal. A judgment of nonsuit and dismissal was then reversed, and the cause was remanded for a new trial. A complete statement of the issues may be found in our former opinion (*Delaski v. Northwestern Imp. Co.*, 61 Wash. 255, 112 Pac. 341). After remittitur, the cause was again tried. The jury returned a verdict for $18,000 against the defendants Northwestern Improvement Company and William Farrington, who now prosecute this appeal.

Appellants' first contention is that the trial court erred in denying their motion for a nonsuit and their challenge to the sufficiency of the evidence. The record is practically the same as that presented on the former appeal. Appellants contend that the evidence of John Delaski, Jr., son of the deceased, contradicts that which he gave on the former trial. To some extent this is probably true, but a considerable period of time elapsed between the two trials. The points on which the variance appears do not weaken his evidence as to controlling issues. Not only did appellants cross-examine him on all these points of variance, but they also introduced his former evidence. Any contradictions thus shown might, to some extent, affect his credibility, but it was for the jury to determine whether they would credit him. They have seen fit to do so. His evidence and that of other witnesses was sufficient to sustain a verdict in respondents' favor. We have carefully read the entire record and conclude that appellants place too much stress upon the contradictions to which they refer.

As to material issues, we fail to note any very considerable inconsistency. It is common experience that witnesses cannot, at different times, give an identical narration of incidents which they have observed and seen. Appellants have emphasized selected portions of the evidence to show the con-

tradictions of which they now complain. Yet the credibility
of the witness was for the jury, and it would certainly be a
novel doctrine for an appellate court to hold that it would
reject the evidence of a witness because of contradictory
statements made at different times, and with such evidence
eliminated, order a nonsuit or a directed verdict. Such a
course would be an unwarranted invasion of the exclusive
province of the jury. It is possible that the jury were satis-
fied that the latter statements of the witness were true, and
that he was mistaken or at fault in his recollection on the
former trial. The evidence on this trial produced by re-
spondents was as convincing as that presented on the former
appeal, when we held it was error to grant a nonsuit. Ap-
pellants' motion for an nonsuit and challenge to the suf-
ficiency of the evidence were properly denied.

Appellants contend the trial court erred in the admission
of evidence. They insist that neither the general system of
ventilation adopted in the mine nor the condition of the air,
except on the tenth level, was in issue. Certain witnesses were
permitted to testify that other men had been taken out of
the mine, and that the air was bad on the ninth level on the
east side of the mine, and also on the west side on levels other
than the tenth where the deceased was working. Appellants,
while conceding that much of this evidence was stricken, in-
sist that it was all incompetent and prejudicial; that the
east and west sides of the mine were not connected; that the
air could not pass from the one to the other; and that on the
west side the air on lower levels did not pass to the tenth
level where the deceased was working. The difficulty with
these contentions is that statements of the witnesses whose
testimony was not stricken were to the effect that there was a
passageway between the east and west mines, and that on
the west side the air did pass from the lower to the upper
levels. It is true that appellants offered evidence to the
contrary, but it was for the jury to determine the truth. Re-
spondents alleged that rules of the appellant corporation

were repeatedly violated by the shooting of blasts at the noon hour. Frequent bad air throughout the mine would tend to sustain this allegation, which was also supported by the testimony of John Delaski and one or two other witnesses.

The trial court instructed the jury:

"There is no complaint in this case, gentlemen of the jury, that the general system of ventilation in this mine was defective. The only charge is that by reason of their failure to have a crosscut running into room 14 where the deceased was working, and by reason of their having insufficient brattices at the entry to the room, and by reason of their having driven the breast too far from the entry, that there was insufficient ventilation in this particular room. Those are facts for you to determine in this case; but, as I have said, of the general system of ventilation there is no complaint made in this case."

In view of this instruction, and the further fact that all incompetent evidence was stricken, we are unable to conclude that prejudicial error was committed by the trial judge in his rulings upon the admissibility of evidence.

Appellants assign error on instructions given and refused. The instructions given fairly stated the law and covered all requested instructions which should have been given, with such modifications as were proper. We have carefully read the entire body of the instructions and conclude that they are free from error.

By their remaining assignment, appellants contend the verdict is excessive. While we hesitate to disturb the verdict of a jury awarding damages for personal injuries, we are compelled in this action to hold that this contention must be sustained. It is the peculiar province of the jury to determine the amount of damages to be awarded, but it is elementary that compensation only can be permitted. John Delaski was about thirty-five to thirty-seven years of age, and had been working as a coal miner for many years. He had met with three accidents on previous occasions. In one his shoulder blade was broken, in another his jaw was

broken, and in the third he was severely burned by a gas explosion. Yet he was in good health and able to earn about $65 per month. Ignoring his dangerous occupation and previous injuries, his life expectancy would have been about thirty years. Had he lived that entire period, with the same earning capacity, his entire wages could not have exceeded $22,400, from which he would have provided support for himself and family. It is not shown that he had accumulated any property or estate. The judgment of $18,000 invested at six per cent interest would produce $1,080 per annum, which would be $300 in excess of his yearly earning capacity. Yet in such an investment, after receiving the benefit of the interest thus earned, the principal would remain intact. It is manifest that the verdict is in excess of reasonable compensation. On consideration of all the evidence, we are constrained to hold that no recovery in excess of $14,000 should be permitted. This cause has been tried three times. There should be an end of litigation. A new trial will not be granted except at the election of respondents. If within thirty days after remittitur respondents file with the clerk of the superior court their written election to remit all of the judgment in excess of $14,000 with six per cent interest thereon from the date of the last trial, the judgment as thus reduced will stand affirmed. Otherwise a new trial will be ordered. Appellants will recover their costs in this court.

PARKER, CHADWICK, and GOSE, JJ., concur.