[No. 19421. *En Banc.* June 22, 1926.]

IRVIN C. TICKNOR, *Respondent,* v. SEATTLE-RENTON STAGE LINE *et al., Appellants.*[1]

[1] MUNICIPAL CORPORATIONS (380, 392)—NEGLIGENCE—VIOLATION OF ORDINANCE—INJURY TO CHILD IN STREET—INSTRUCTIONS. Error cannot be assigned upon a technically erroneous instruction as to the liability for violating an ordinance providing that "no person shall drive or operate any vehicle so as to collide with any person or property," where there were other correct instructions given qualifying the duty implied from the ordinance, so that the jury could not have been misled.

[2] JUDGMENT (54)—NOTWITHSTANDING VERDICT—DENIAL OF MOTION. A motion for judgment notwithstanding the verdict is properly denied where there was conflicting testimony.

[3] APPEAL (406)—REVIEW—DISCRETION—NEW TRIAL. Where the court has exercised its discretion in reducing a verdict for wrongful death of a child, the judgment will not be disturbed on appeal unless it appears that the trial court abused its discretion.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 2, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Van Dyke & Thomas,* for appellants.

*John A. Homer,* for respondent.

[1]Reported in 247 Pac. 1.

MITCHELL, J.—Respondent brought this action against appellants and the city of Seattle to recover damages for the death of his minor son, age seven years. The city was dismissed out of the case. There was a verdict for the respondent in the sum of $5,000, upon consideration of which the trial court required a reduction to $3,000, else a new trial would be granted. Respondent elected to take the reduced amount, and from a judgment thereon, this appeal has been taken by the defendants.

The collision occurred at a street intersection in the city of Seattle. The issues presented by the pleadings were negligence on the part of the driver of the automobile stage, and counter charges of contributory negligence on the part of the respondent, the father of the boy. The traffic ordinance of the city was plead by both sides, and in the complaint it was alleged that the injuries were caused by the violation of a number of the provisions of the ordinance by the driver of the stage. Those particular sections of the ordinance were set out in full in the complaint. Evidence on behalf of the respondent was introduced in support of the several charges of negligence, including excessive speed and failure to give any signal or warning of the approach of the stage.

[1] In one of the instructions to the jury, the ordinance was referred to with respect to the several provisions involved under the complaint and proof, all of which provisions were recited in full in the instructions. Among them was section 43, which, for the purposes of this case, provides that no person shall drive or operate any vehicle ". . . so as to collide with any animal or vehicle or street car or strike against any person or property." Then followed, in the instructions, a statement of the general rule, that the

violation of these provisions of the ordinance would constitute negligence for which the stage line company would be liable, if the jury found that such negligence was the proximate cause of the injury.

It was the use of the words just above quoted that appellants assign as reversible error, and, in support of the assignment, rely on the case of *Horney v. Giering*, 132 Wash. 555, 231 Pac. 958, the decision in which case was filed in this court a few days after the jury returned their verdict in the present case.

In the *Horney v. Giering* case, in construing this language of this same ordinance, we held that it was reversible error to instruct that it is of itself negligence to violate this provision of the ordinance, holding that the ordinance was void in that particular. With that decision, we are still content. But a reading of the opinion in that case fails to disclose that, in any of the other instructions, anything was said tending to better the effect, or lessen the force, of the offending language, in the ascertainment of the ultimate inquiry of whether or not the jury was misled by it. This case is different in that respect. Here the jury, in an instruction following the one complained of, was told:

"Drivers upon highways and streets in law are not held as insurers against accident arising from negligence of children or their parents, and while a child may be of such tender years and lack of comprehension of danger as not to be capable in law of committing negligence or contributory negligence, the fact of an accident taking place does not establish liability or raise the presumption that the owner or driver of a motor vehicle is negligent."

In this connection, it may be stated that the vice in the instruction, as pointed out in the *Horney v. Giering* case, was "The provision of the ordinance, if given

effect, would make the operator of an automobile an insurer of the safety of pedestrians upon the streets, aside from the question of contributory negligence.'' In the present case the jury was also advised:

''If you believe from all the evidence and under all the instructions of the court that the injury to plaintiff's son was what is known as a 'mere accident,' that is, that no one was negligent, and that no one was to blame, then your verdict should be for the defendants.''

It was further told:

''And the fact that a child may receive injury from an automobile stage is not of itself any evidence of negligence against the one driving the stage.''

There are still other instructions tending to show that the technically erroneous statement complained of, immediately commingled or grouped with many others entirely correct, could not have misled the jury into the vice of the instruction complained of, as would have been the case had that instruction stood alone. The situation is one that calls for the application of the rule announced in the case of *McDorman v. Dunn,* 101 Wash. 120, 172 Pac. 244, as follows:

''It is the settled law of this state that the instructions must be considered as a whole; that although a portion thereof, if standing alone, may be technically erroneous and have a tendency to confuse and mislead the jury, yet it will not constitute prejudicial error, if, when taken in connection with other instructions given, the jury could not have been misled as to the principles of law applicable to the issues. *Farnandis v. Seattle,* 95 Wash. 587, 164 Pac. 225; *Olmstead v. Olympia,* 59 Wash. 147, 109 Pac. 602; *Sudden & Christenson v. Morse,* 55 Wash. 372, 104 Pac. 645; *St. John v. Cascade Lumber & Shingle Co.,* 53 Wash. 193, 101 Pac. 833; *Manhattan Bldg. Co. v. Seattle,* 52 Wash. 226, 100 Pac. 330; *Gray v. Washington Water Power Co.,* 30 Wash. 665, 71 Pac. 206.''

Assignments of error, on other instructions excepted to and the refusal of the court to give instructions requested by the appellant, are without merit, we think, in consideration of others given, which appear to have fully and correctly covered the case.

[2]  It is assigned as error that the motion of appellants for judgment notwithstanding the verdict should have been granted. There was a conflict in the evidence, upon the issues made by the pleadings, sufficient to take the case to the jury.

[3]  Finally, it is claimed that the verdict, as reduced by the trial judge, is excessive, and that it should be still further reduced, and acceptance required by the respondent or a new trial granted. Out of deference to the judgment and discretion of the trial courts, the practice has become settled in this state that it is within the discretion of the trial judge to require an acceptance of a less amount than the verdict, or a new trial will be granted. In the present kind of a case, by its very nature, the amount of damages cannot be fixed with mathematical certainty. Primarily, the jury must be given considerable latitude in fixing the amount. Thereafter, as here, the trial judge in his judgment fixes an amount, which alone stands in the way of the granting of a new trial. The fixing of such an amount by the trial judge has, of itself, the attribute of judgment and discretion, which must be considered by an appellate court as such, and, unless we can see in the amount thus fixed in this case an abuse of discretion, it merits approval. We find none in this case. The amount is fairly within a reasonable range, and we are not disposed to disturb it.

Affirmed.

TOLMAN, C. J., MAIN, PARKER, HOLCOMB, and ASKREN, JJ., concur.