[No. 36412.    Department Two.    August 15, 1963.]

DONALD MALSTROM, *et al., Respondents,* v. ESTHER KALLAND, *Appellant.*\*

*Harold L. Hawkins* and *Hodge & Mann,* for appellant.

*Stubbs & Batali,* by *H. Frank Stubbs,* for respondents.

WEAVER, J.—Defendant presents two issues on this appeal —the claimed excessiveness of: (a) $3,600 special damages;[1] and (b) $50,000 general damages.

The issue of liability is not before us. We need not, therefore, expand upon the occasion giving rise to plain-

\*Reported in 384 P. (2d) 613.

[1] Other items of special damages are not challenged on this appeal.

tiff's cause of action, except to identify that it springs from an automobile accident.

Depending upon which theory is accepted, plaintiff, 22 years of age, with a life expectancy of 48.55 years, suffered "an injury to her right foot" or a "crushed scaphoid" resulting in a "deformed condition of plaintiff's foot at time of trial."

The trial court found, and we conclude the record supports the finding

". . . that [plaintiff's] . . . right foot was traumatically shortened one-quarter inch as a result of the injury received in said collision and the subsequent surgery and substantially widened as compared to the left foot; that plaintiff . . . will, in the future, not be able to wear the same size shoe on the right foot as on the left and will be required each time she purchases shoes for the balance of her lifetime to purchase two pairs of shoes rather than one, . . . that plaintiff suffered an additional special damage for future purchases of two pairs of shoes instead of one for the balance of her life expectancy of 48.55 years of $3,600; . . ."

I

## Present Value of Future Damages

Defendant argues that the court erred when it did not reduce the monetary award for shoes to be purchased in the future to *present* value. This contention is based upon our decisions in *Kellerher v. Porter*, 29 Wn. (2d) 650, 189 P. (2d) 223 (1948) (tried to a jury), and *Wentz v. T. E. Connolly, Inc.*, 45 Wn. (2d) 127, 273 P. (2d) 485 (1954) (tried to the court), wherein it was held that damages for loss of future earnings must be reduced to their present value. Counsel have cited no authority sustaining their position that the same principle applies to other items of damage occurring in the future. We assume, that after diligent search, they have found none. See *DeHeer v. Seattle Post-Intelligencer*, 60 Wn. (2d) 122, 126, 372 P. (2d) 193 (1962).

■ We do not reach this question, however, for we find nothing in the record before us to indicate that counsel

requested the trial court to reduce the special damages for shoe allowance to present value. The question cannot be raised for the first time on appeal. *Davis v. Sill,* 55 Wn. (2d) 477, 481, 348 P. (2d) 215 (1960).

## II

### Excessiveness of General Damages

Although plaintiff took 3 days to present her claim for damages to the court (the statement of facts contains 378 pages and refers to 36 exhibits), defendant (appellant) rested at the end of plaintiff's case and produced no evidence, lay or medical.

Defendant starts with the premise that the evidence before the court is undisputed. From this, she argues that

" . . . The usual rule that the trial court's findings will not be disturbed on appeal unless the evidence clearly preponderates against them . . . *does not apply,* and this court has the duty of determining the proper conclusions to be drawn from the evidence. . . ." (Italics ours.)

In support of her argument, defendant urges the following rule:

" . . . where a cause is tried to the court without a jury, the trial court's findings of fact will not be disturbed on appeal unless the evidence clearly preponderates against them. [Citing authorities.]

"This latter rule is based upon the theory that there is a conflict in the testimony and that the trial court, having the witnesses before it, is in better position to arrive at the truth than is the appellate court. For this reason, the rule has no application in a case where there is no substantial dispute as to the facts and no question as to the credibility of witnesses or the weight to be given to their testimony, but where the sole question on appeal concerns the proper conclusions to be drawn from practically undisputed evidence; in such situation, this court has the duty of determining for itself the right and proper conclusions to be drawn from the evidence in the case. *Westland v. Post Land Co.,* 115 Wash. 329, 197 Pac. 44; *Doke v. United Pac. Ins. Co.,* 15 Wn. (2d) 536, 131 P. (2d) 436, 35 P. (2d) 71."

*Shultes v. Halpin,* 33 Wn. (2d) 294, 305-306, 205 P. (2d) 1201 (1949).

Similar statements are found in later decisions.[2]

■ If this be an invitation for us to search the record for error, or to try the case de novo, we cannot accept it. *In re Bellevue,* 59 Wn. (2d) 793, 370 P. (2d) 861 (1962); *Malnati v. Ramstead,* 50 Wn. (2d) 105, 309 P. (2d) 754 (1957), and authorities cited.

We note that *Shultes v. Halpin, supra,* and those cases containing similar statements (see footnote 2), were decided prior to *Thorndike v. Hesperian Orchards, Inc.* 54 Wn. (2d) 570, 343 P. (2d) 183 (1959), which held that ". . . the constitution does not authorize this court to substitute its findings for that of the trial court. . . ."

■ We do not conceive that the presence or absence of conflicting testimony minimizes or enlarges the scope of appellate review. If there is competent evidence in the record (whether it be conflicting or undisputed), to support the findings of fact of the trial court, we cannot disturb them (see *Thorndike v. Hesperian Orchards, Inc., supra*) except as provided by RCW 4.44.060, which provides:

". . . The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason as far as applicable, and a new trial granted."

Rule of Pleading, Practice and Procedure 59.04W provides:

"The former verdict or other decision may be vacated and a new trial granted . . . for . . .

". . .

"5. Damages so excessive or inadequate as unmistakably to indicate that the verdict must have been the result of passion or prejudice; . . ."

"Passion and prejudice" are not an issue in the instant case. This court has, however, reduced jury verdicts for

[2]*Kingwell v. Hart,* 45 Wn. (2d) 401, 404, 275 P. (2d) 431 (1954); *Reid Co. v. M-B Contracting Co.,* 46 Wn. (2d) 784, 793, 285 P. (2d) 121 (1955); *McGuire v. United Brotherhood of Carpenters & Joiners,* 50 Wn. (2d) 699, 708, 314 P. (2d) 439 (1957).

damages (or in the alternative granted a new trial) on at least nine occasions[3] when passion and prejudice were either not discussed by the court or were found not to exist. These cases involve damages for wrongful death.

■ Fixing the amount of damages is actually a conclusional finding based upon preliminary findings that certain damages were sustained. No reasons are given in a jury verdict fixing the amount of damages unless special interrogatories are propounded. The trial court, on the other hand, usually expresses its reasons, either in an oral or a written memorandum opinion. For an interpretation of the facts found and the amount of damages awarded, we may consider the opinion of the trial court to test whether it has acted upon a wrong principle of law, has misapprehended the facts, or has made a wholly erroneous estimate of the damages suffered; otherwise, the alleged excessiveness of an award of damages by a jury (absent passion and prejudice) and by a trial judge should be tested by the same rules. When the injury is to property the test is whether the damages awarded are within the range of the testimony presented. *Steele v. Queen City Broadcasting Co.,* 54 Wn. (2d) 402, 409, 341 P. (2d) 499 (1959); *Becwar v. Bear,* 41 Wn. (2d) 37, 41, 246 P. (2d) 1110 (1952). When the injury is to a person, causing pain, suffering, and permanent disability, this guideline is most indefinite.

It is difficult to describe plaintiff's injury without overemphasizing (as does plaintiff), or minimizing (as does defendant), the results flowing from it.

The following, appearing in the findings of fact and supported by the evidence, describes her injury objectively:

[3]*Walker v. McNeill,* 17 Wash. 582, 50 Pac. 518 (1897); *Vowell v. Issaquah Coal Co.,* 31 Wash. 103, 71 Pac. 725 (1903); *Creamer v. Moran Bros. Co.,* 41 Wash. 636, 84 Pac. 592 (1906); *Ohrstrom v. Tacoma,* 57 Wash. 121, 106 Pac. 629 (1910); *Walters v. Spokane International R. Co.,* 58 Wash. 293, 108 Pac. 593 (1910); *Delaski v. Northwestern Imp. Co.,* 70 Wash. 143, 126 Pac. 421 (1912); *Rochester v. Seattle, Renton & Southern R. Co.,* 75 Wash. 559, 135 Pac. 209 (1913); *Graham v. Allen & Nelson Mill Co.,* 78 Wash. 589, 139 Pac. 591 (1914); *Thompson v. Fiorito,* 167 Wash. 495, 9 P. (2d) 789, 12 P. (2d) 1119 (1932).

(a) " . . . plaintiff . . . suffered . . . [an] injury to her right foot consisting of a dislocation of the bones of the right foot, fractures of several bones of the right foot, including a crushing of one of the bones of the right foot into small pieces; that as a . . . result of said injury . . . plaintiff . . . required . . . surgery involving an attempted fusion of the bones of the right foot; . . ."

(b) Plaintiff's right foot was permanently shortened and substantially widened. For elaboration see the finding of fact quoted *infra* in our discussion of special damages for shoes.

(c) The trial court found that plaintiff " . . . suffered a permanently *deformed* and *disfigured* right foot . . . " Reference to the photographic exhibits discloses that the adjectives we have italicized paint a more gruesome picture than appears.

(d) It is undisputed that plaintiff suffered pain from the time of her injury to date of trial; that pain will remain until there is a fusion of the bones of the right foot; that plaintiff was bedridden for 5 weeks and required to wear a cast, and use a wheelchair or crutches for a considerable period of time.

(e) " . . . that as the result of said injury and the subsequent fusion and surgery and crushing of bones in the right foot, plaintiff has permanently lost all sideways motion of the right foot; has a substantial limitation of plantar flexion of the right foot as compared to the left caused by this injury and some limitation of dorsiflexion of the right foot as compared to the left; that plaintiff will have some permanent enlargement of the right foot."

The findings of fact then state a number of *probabilities*: (1) Future surgery may be necessary; (2) plaintiff may have a permanent limp and some early arthritis in the unfused joints of her right foot; (3) plaintiff may never be able to snow or water ski " . . . unless she water skis on her uninjured left foot on one ski alone. . . . "

We believe the foregoing gives a fair picture of the facts which the trial court was required to evaluate and translate into a dollar value.

The oral opinion is of no help to us. In fact, it admits frustration to the point where it is apparent that the trial judge reached blindly and came up with an amount.

The conclusion reached by an appellate court in reviewing the alleged excessiveness of an award of damages by a jury or trial judge for personal injury must be the result of tipping the balance between two sets of factors.

"On the one hand, the following must be considered: Each cause depends, to a large extent, upon its own facts and circumstances. The verdict must be compensatory of a pecuniary loss. *Walters v. Spokane International R. Co.*, 58 Wash. 293, 108 Pac. 593 (1910). It can ·be substantial [citing authorities] but not out of proportion to actual damages. *Halverson v. Seattle Electric Co.*, 35 Wash. 600, 77 Pac. 1058 (1904). The amount of the damage is within the discretion of the jury, under proper instructions. The jury is given considerable latitude in making such determination as to it seems just. *Aronson v. Everett*, 136 Wash. 312, 239 Pac. 1011 (1925); *Ticknor v. Seattle-Renton Stage Line*, 139 Wash. 354, 247 Pac. 1 (1926). The subject matter being difficult of proof, it cannot be fixed with mathematical certainty by the proof. Once the determination is made, an appellate court will give great weight to, and is reluctant to interfere with, the jury's verdict. *Kellerher v. Porter*, 29 Wn. (2d) 650, 189 P. (2d) 223 (1948).

"On the other hand, the balancing factor is the conscience of the appellate court, when there is an affirmative showing that passion and prejudice played no part in the jury's determination. Is the amount flagrantly outrageous and extravagant? Is it unjustified in the light of the evidence? Does it disclose circumstances foreign to proper jury deliberations? If it is and does, then it can be said to shock the sense of justice and sound judgment, and the verdict of the jury is excessive." *Kramer v. Portland-Seattle Auto Freight*, 43 Wn. (2d) 386, 395, 261 P. (2d) 692.

Having reviewed the record, considered the facts found, and applied the rules discussed, we do not find the facts sufficiently persuasive to support the $50,000 valuation placed upon the injury by the trial court.

That portion of the judgment awarding special damages is affirmed. It is our opinion that a reduction of $15,000 in

the amount of general damages would be fair to both parties. If plaintiff does not accept judgment of $35,000 general damages within 15 days after the remittitur has gone down from this court, a new trial shall be granted, limited to a determination of general damages.

Defendant will recover costs on this appeal.

OTT, C. J., DONWORTH, and HAMILTON, JJ., concur.

FINLEY, J. (dissenting)—The facts as stated by the majority depict in my mind a most severe, serious, crippling and disabling permanent physical injury to a young woman, 22 years of age, with a life expectancy of 48.55 years. It is, and again as indicated by the majority, difficult to place a dollar value on physical injuries. In my judgment the damages awarded would not be upset by this court if arrived at through a verdict of a jury. Be that as it may, the evidentiary record here provides a range sufficiently convincing and broad enough in scope to approximate support for the award of damages arrived at by the trier of the facts—in this instance, the trial court judge. I would affirm the judgment for the reasons indicated; consequently, I dissent.