[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs brought a multi-count complaint against the defendant bank. The complaint alleges a bank employee acted improperly with respect to financing negotiations between the bank and a person with whom the plaintiffs had a contractual relationship. The claim is made that as a result of this employee's actions that individual couldn't obtain financing, the contract between the plaintiffs and this person couldn't be consummated, and the plaintiffs suffered damages. The complaint includes counts alleging tortuous interference by an agent or an apparent agent, negligent hiring and supervision on the part of the defendant bank.
The defendant bank has filed a motion for summary judgment based on the statute of limitations. Both sides agree that the applicable statute is Sec. 52-577 which states that: "No action founded upon a tort shall be brought but CT Page 9492 within three years from the date of the act or omission complained of." The plaintiffs concede that the acts of the bank employee which form the operative basis of the claim happened at the end of 1989. The plaintiffs further concede, as they must, that the complaint was not filed until July 1994, same four and one-half years later.
The plaintiffs attached to their brief a deposition which indicates the plaintiffs first learned of the tortious conduct of the bank employee in October of 1992. They argue that that was the date when the plaintiffs discovered the essential elements of the cause of action and therefore that was the date from which to properly measure the three-year statute of limitations; they cite two federal cases purporting to interpret § 52-577, George v. Carusone, 849 F. Sup. 159 (D Conn. 1994), Sandstrom on behalf of Sandstrom v. ChemlawnCorporation, 759 F. Sup. 84 (D Conn. 1991). In effect the plaintiffs claim to be relying on the so-called "discovery rule" to avoid the statute of limitations.
That rule which will be discussed more fully states that the limitations period starts to run not from the date the tortious act occurred — here 1989, but from the date it was or should have been discovered. In their brief the plaintiffs make two assertions necessary to the operation of the discovery rule which do not seem to be supported by the deposition or any other document or affidavit. They say that prior to October of 1992 they had no reason to assume the deal had fallen through for any actionable reason and they were not acting unreasonably when they didn't inquire as to the reasons why the financing was unsuccessful through the defendant bank. Even in states adopting this discovery rule in order to invoke it the plaintiff must plead facts showing not only the time and manner of discovery of the tortuous acts but an inability to have made earlier discovery despite reasonable diligence,Saliter v. Pierce Brothers Mortuaries, 146 Cal.Rptr. 271, 244,81 Cal.App.3d 292, 297 (1978). The defendant bank doesn't raise any argument, however, as to whether the plaintiffs have properly invoked the "discovery rule" but rather argue the rule doesn't apply in our state because the limitations period runs from the date of the alleged act or omission which form the basis of the suit — here late 1989, In any event it might be more convenient for the litigants if I decided the case on the basis of whether the discovery rule applies rather than on the basis that even if it does the plaintiffs haven't met its CT Page 9493 requirements. Besides I'm not so sure that if the discovery rule were held to provide a defense to a statute of limitations claim it might not be fairer to say that once the time and manner of discovery of the tortuous acts are shown to have occurred within the limitations period the burden should shift to the defendant to establish the discovery should or could have reasonably occurred earlier.
The issue before the court can be appropriately resolved by means of a motion for summary judgment. There are no material facts in dispute between the parties. The only issue is a question of law as to whether under § 52-577, the three-year limitations period, should run from the date of the act or omission or the date when the essential elements of the cause of action were discovered.
(1)
The older or general rule is stated to be that the fact that a party entitled to bring an action has no knowledge of his or her right to sue or of the facts on which the right is based doesn't prevent the statute of limitations from running or postpone the commencement of the limitations period until he discovers those facts, Golden Eagle Mining Co. v.Inperator-Quilp Co., 161 P. 848, 849 (Wash., 1916), Mitchell v.Town of Magee, 51 So.2d 198, 199 (Miss. 1951), 509 Sixth AvenueCorp v. N.Y. City Transit Authority, 255 N.Y.S.2d 89, 91 (1964),Downs v. Reed, 446 S.W.2d 654, 657 (Ark. 1909). If this rule were to be applied in this case, the defendant would prevail on this statute of limitation defense.
Though the courts applying the general rule recognize hardships may result from the application of the rule they reason that such hardships necessarily occur when you have a law arbitrarily making remedies contingent on a mere lapse of time. Besides statutes of limitation put a limit on the time when people can be exposed to suit and the risk and expense of being exposed to litigation — that is a benefit in itself. Also limitations periods ensure that claims can be litigated before facts become stale or witnesses disappear, Page v.Shenandoah Life Ins. Co., 40 S.E.2d 922, 925 (Va. 1947), Squiresv. Guardian Trust Co., 72 N.E.2d 137, 146 (Oh, 1947).
These cases make an exception for situations where the cause of action has been fraudulently concealed. Such an CT Page 9494 exception to the general rule is considered a sufficient fly wheel to protect the competing interest involved, cf § 52-595
"Fraudulent Concealment of Cause of Action"
(2)
Although Am.Jur.2d, "Limitation of Actions" § 146 says the above rule is the majority rule several jurisdictions apply the so-called "discovery rule" as a special defense against a statute of limitation claim. As noted, the discovery rule says a cause of action accrues only when the plaintiff discovers or should have discovered all of the facts essential to his or her cause of action. Under this theory the plaintiff's action would be saved here since the essential elements for the cause of action weren't discovered until October of 1992 and suit was brought well within three years of that date.
When one closely examines the cases from jurisdictions adopting this so-called discovery rule, however, it seems apparent that it is only applied in certain selected situations.
For example, California follows the general rule that in ordinary tort actions the limitations period begins to run upon the occurrence of the last element essential to the cause of action, Neel v. Magana, Olney, Levy, Cathcart Gelfand,98 Cal.Rptr. 837, 844 (1971). The discovery rule has been adopted when the courts in that state feel it would be unjust in a particular situation to deprive a litigant of a cause of action before that party has become aware of being injured. But the situations where the rule has been applied have been cases where there has been a fiduciary relationship between the parties or some other relationship of trust, such as a doctor-patient relationship or a fiduciary relationship where a party relies on professional advice, Sherman v. Lloyd,226 Cal.Rptr. 495, 498 (1986). Thus the rule has been applied where there is a claim of breach of a corporate director's duty to his or her company or an agent's duty to the principal, April Enterprises v. KTTV, 195 Cal.Rptr. 421, 433
(1985), cf Gazija v. Nicholas Jerns Co., 530 P.2d 682, 684
(Wash., 1975) (action by insured against insurer), Ruth v.Dight, 153 P.2d 631, 635 (Wash. 1909), Kundahl v. Barnett,486 P.2d 1164, 1165-66 (Wash 1971) (professional relationship case), also see City of Austin v. North Austin State Bank,
CT Page 9495631 S.W.2d 564, 566 (Tex, 1982).
Texas appears to apply the rule more liberally, for example one court applied the rule to defamation cases of a limited type — defamation by a credit agency but the court seemed concerned about the secrecy of the operations of such agencies and the power they have over people's lives, Kelleyv. Rinkle, 532 S.W.2d 947, 949 (Tex, 1976).
A Texas case did not apply the rule, however, where the nature of the very injury or damage inflicted or how it occurred were not adjudged to be particularly difficult to discover, Southwest Bank Trust v. Bankers Commercial Life,563 S.W.2d 329, 331 (Tex. 1978).
Here the bank did not have a fiduciary relationship or relationship of trust with the plaintiffs nor can it be said that the alleged activities of the bank employee were of such a character that by their very nature they would not be discovered until long after the fact, cf Texas cases, Kelleyv. Rinkle and Southwest Bank Trust cited above. Thus no definition of the discovery rule that I have been able to find even if it were operative in our state would save this cause of action.
(3)
In any event I don't believe the court has to struggle with the applicability of the limitations placed on the "discovery rule" if it were to be accepted because I do not believe our appellate courts would apply the "discovery rule" to § 52-577. The wording of our statute is clear:
 "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of" (emphasis added)
This appears to be an occurrence based statute of limitation and it would be difficult to understand how a court could add a caveat to this language by saying it really means or can mean in certain sympathetic situations that the limitations period should run from the time the essentials of the cause of action were discovered. The plain language of the statute argues against such a reading and since the general rule has been that the limitations period runs from CT Page 9496 the act giving basis to the tort not when it was discovered it would be difficult to fashion an argument that traditional notions of due process require such a result.
The Federal cases cited by the plaintiffs George v.Carusone supra and Sandstrom and purporting to interpret §52-577 appear to be incorrectly decided. They blanketly apply the "discovery rule" without analyzing whether even under traditional definitions of the rule it is operable.
They conclude the limitation period runs from the time the act or occurrence is discovered by relying on two cases,Catz v. Robinson, 201 Conn. 39 (1986) and Lambert v. Stuvall,205 Conn. 1, 6 (1987) which interpret § 52-584 of the general statutes not § 52-577. Section 52-584 is not applicable here but applies to injuries to the person or to personal and real property or malpractice matters. That statute specifically says an action shall be brought "within two years from the date when the injury is first sustained or in the exercise of reasonable care should have been discovered." Similar "discovery of the harm" language is used in § 52-575a (map notations), § 52-577a (products liability claim), § 52-577b
(herbicide injury), § 52-577c (hazardous waste exposure), §52-584b (actions against lawyers in title search cases). The legislature has created a statutory scheme which in certain broad categories of cases explicitly says that the limitations period shouldn't run until the injury is or should have been discovered. The language of § 52-577 is quite different from the language of these statutes. The courts and especially a trial court should be extremely reluctant to jump into this statutory scheme by expanding the language of § 52-577 where the legislature has not done so and by the passage of several later statutes indicated it certainly knew how to explicitly adopt a discovery rule without help from the courts. This is especially so in light of the fact that there are historically based policy reasons for an occurrence based limitations statute and limitations statutes are creatures of the legislature.
There is also case law in our state supporting the defendant's interpretation of the statute. The defendant has cited cases supporting the view that the statute begins running from the date of the occurrence of the acts which form the basis of the claim not when they were discovered,Kivlen v. Town of New Fairfield, No. 29-57-70, CaseBase 6138 (1992),Collum v. Chapin, 12 Conn. L. Rptr. 423 (1994), cf how the court interpreted "act or omission" language in § 52-584 regarding three-year limitations period in that statute, also see Nardi v. AAElectronic Security Engineers, 32 Conn. App. 205, 216 (1993), and interpretation of word "occurrence" in CUTPA statute, Ficherav. Mine Hill Corporation, 207 Conn. 204, 208 (1933), for purposes CT Page 9497 for purposes of limitation period.
Also as the defendant further notes § 52-577 was interpreted inProkolkin v. GMC, 170 Conn. 289, 294 (1976), to even mean that a cause of action can expire even before a plaintiff discovers its existence. As said in Vikinskas v. Sears Roebuck Co., 144 Conn. 170, 174-75 (1956):
 There is no reason, constitutional or otherwise which prevents the legislature from enacting a statute, such as § 8324 (predecessor to § 52-577 which starts the limitation on actions for negligence running from the date of the act or omission complained of, even though at that date no person has sustained damage and therefore no cause of action has come into existence. . . It is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute, such as § 8324, which may on occasion bar an action even before the cause of action accrues.
Thus as the court in Prokolkin discussed, the cause of action under § 52-577 is measured not from when it "accrues" which would include the date of injury but the date when the act or omission complained of occurred which could precede the injury. It seems to necessarily follow that under the statute the cause of action is measured only from the occurrence and cannot be measured from another date whether it is the date of injury or the date of the discovery of the injury which can even postdate the date of injury.
I find then for the reasons stated that under § 52-577 the limitations period runs from the date of the act or occurrence complained of not when it was discovered.
I further conclude that even if we were to have a discovery rule exception to the general rule just stated its ameliorative effect should not be held to operate under the facts of this case.
For all these reasons I grant the defendant's motion for summary judgment.